**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:20-MJ-00722-CHL-1
3:20-MJ-00723-CHL-1**

**USA,**                                                                                                                 **Plaintiff,**

**v.**

**TERRELL TRAMELL ,**                                                                        **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Government's motion to extend time to file the indictment as to Defendant and the period to begin trial and to exclude such time for all Speedy Trial Act purposes (the "Motion") at DN 6. Defendant filed a response at DN 7. For the reasons set forth below the Motion is **GRANTED**.

**I.**     **BACKGROUND**

This matter comes to the Court in the midst of the ongoing global pandemic that has resulted in persisting rates of Coronavirus Disease ("COVID-19") within the Western District of Kentucky.

    **a.**   **The Coronavirus Pandemic**

Coronavirus Disease is a contagious disease caused by an infection with the severe acute respiratory syndrome coronavirus 2 virus strain. On March 13, 2020, a national emergency was declared due to the gravity of the threat COVID-19 posed to the nation's public health. Proclamation No. 9994, 85 Fed. Reg. 15,337 (Mar. 13, 2020). Since that time, global COVID-19 cases and deaths have been steadily rising, and the United States has more COVID-19 cases than any other country.[1] To date, over 275,000 individuals in the United States have lost their lives to

---

[1] All case statistics sourced from CTR FOR DISEASE CONTROL AND PREVENTION, *CDC COVID Data Tracker*, https://covid.cdc.gov/covid-data-tracker/#cases_totalcases (last visited Dec. 4, 2020).

the disease. Kentucky has not been exempted from the carnage, with an estimated 190,601 total cases and a death toll of 2,014. Over the last several months, it became clear that things would get worse before they get better, with cases drastically rising throughout October and November. The first three days of December saw more reported cases in Kentucky than were reported over the entire months of May and June combined.

### b. General Order 20-23

In response to continuing spikes in COVID-19 cases in the Western District of Kentucky, on November 3, 2020, Chief Judge Greg N. Stivers issued General Order 20-23 ("GO 20-23"). This is the sixth general order in the District concerning court operations related to COVID-19. Under the order, all grand jury proceedings were continued through December 2020 "[b]ecause impaneling new grand jurors cannot be done without seriously jeopardizing public health and safety, including the health and safety of the prospective grand jurors, counsel, and Court staff . . ." (GO 20-23 at 1.)  The order further provided that "[a]ll trial-specific deadlines in criminal cases scheduled for trial on or before December 31, 2020, are continued pending further order of the Court." (*Id.*)  The order also addressed its impact on criminal defendants' rights under the Speedy Trial Act. *See* 18 U.S.C. § 3161, *et seq.*[2]

On December 4, 2020, after the filing of DN 6 and DN 7, Chief Judge Stivers issued General Order 20-25. This order renews the provisions of GO 20-23 through the new date, February 26, 2021.

---

[2] In relevant part: "The Court finds that due to the public health risks associated with summoning large groups of prospective jurors, the public's perceptions of the risks associated with jury service, and its reduced ability to obtain an adequate spectrum of jurors, the time period of the continuance caused by this Order shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court specifically finds that the ends of justice served by taking this action outweigh the interests of the parties and the public in a speedy trial. Subject to intervening orders, the period of exclusion shall be from the date of this Order through December 31, 2020. The district judge assigned to the matter may extend this period as circumstances may warrant. This Order and period of exclusion is incorporated by reference as a specific finding pursuant to 18 U.S.C. § 3161(h)(7)(A) in the record of each pending case where the Speedy Trial Act applies. *See Zedner v. United States*, 547 U.S. 489, 506-07 (2006)." (GO 20-23 at 2.)

## II.     DISCUSSION

The Court now turns to the Government's requested extension and exclusion of that extension from tolling under the Speedy Trial Act (the "Act"). Under the Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C.A. § 3161(b). The Act also provides 90-day period for beginning trial for a defendant who is detained solely because he or she is awaiting trial. 18 U.S.C. § 3164(b). The Act provides a number of time periods which may be "excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence" and among them is a period "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.A. § 3161(h)(7)(A).

Here, the Government will not be able to file an indictment within thirty days from the time Defendant was arrested, as required by the Act. Defendant was arrested on November 6, 2020. (DN 6 at 1.) Because GO 20-23 continued grand jury proceedings as of November 4, 2020, it is impossible for the Government to secure an indictment within the statutory period. However, GO 20-23 expressly provides that "the time period of the continuance caused by this Order shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court specifically finds that the ends of justice served by taking this action outweigh the interests of the parties and the public in a speedy trial." (GO 20-23 at 2.) That provision applies to this case. The Court notes that GO 20-23 makes clear that "[n]o party impacted by the Court's analysis regarding the time excluded under the Speedy Trial Act is foreclosed from seeking relief from this General Order."

3

(*Id.*)  However, Defendant requested no such relief.  (*See* DN 7 at 2 ("It is presumed that the Court will grant [the Government's] motion.").)  Therefore, the court will grant the extension and exclude the period under the Speedy Act, 18 U.S.C. § 3161(h)(7)(A).

### III.   ORDER

For the foregoing reasons, the Government's Motion at DN 6 is **GRANTED**.

Accordingly,

IT IS HEREBY ORDERED as follows:

1. The time for the Government to file an indictment as to Defendant set forth in 18 U.S.C. § 3161(b) is continued to **March 28, 2021**.

2. The period of delay between **November 20, 2020** and **February 26, 2021** shall be excluded in computing the time for all Speedy Trial Act purposes, including but not limited to the time within which an indictment or information must be filed (18 U.S.C. § 3161(b)) and for calculating the 90-day time period for beginning trial for a defendant who is detained solely because he is awaiting trial (18 U.S.C. § 3164(b)).

3. The Court specifically finds that the ends of justice served by taking this action outweigh the interests of the Parties and the public in a speedy trial.

Colin H Lindsay, Magistrate Judge
United States District Court

December 11, 2020
cc:  Counsel of record

4