

FILED
JAMES J. VILT, JR. - CLERK
NOV 17 2022
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

# JURY INSTRUCTIONS

Members of the jury, now I will instruct you about the law that you must follow in deciding this case. These instructions have three parts. First, we will discuss your duties and the general rules that apply in every federal criminal case. Second, I will explain the legal elements, or issues, that you must address to decide whether to convict the Defendant for the offenses he is accused of committing. Then I will pause, and you will hear closing arguments from the lawyers—but those do not bind you like my instructions do. Third, and finally, I will talk to you about how you jurors, as a group, will deliberate and decide this case.

## I.  DUTIES OF THE JURY

You have two main duties as a juror. The first is to decide what the facts are. You must make this decision based on the evidence that you saw and heard here in the court. It is your job—not mine—to decide what the facts are. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to apply the law, as I explain it, to those facts that you found and decide whether the Government has proved the Defendant guilty beyond a reasonable doubt. My job is to instruct you about the law. You are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What the judge says about the law controls.

Please work hard to perform these duties carefully and fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The parties and I expect that you will carefully and impartially consider all of the evidence, follow the law as I give it to you, and reach a just verdict—regardless of the consequences.

You are to consider only the evidence in the case. Unless I instruct you otherwise, the evidence in this case consists of the sworn testimony of the witnesses (regardless of who called them), all exhibits received in evidence (regardless of who introduced them), and all facts and events that may have been admitted or stipulated to.

Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's



testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence, like the testimony of an eyewitness, which (if you believe it) would directly prove a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply evidence that tends to prove a fact indirectly. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could infer that it was raining. Your job is to decide how much weight to give the direct and circumstantial evidence.

The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## Opinion Testimony

You heard some testimony that came in the form of the witness's opinion. You do not necessarily have to accept the opinion of a witness. In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached that conclusion. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## Presumption of Innocence, Burden of Proof, and Reasonable Doubt

The Defendant has pled not guilty to the crimes charged in the indictment. An indictment is not evidence; it is just the formal way that the Government tells a defendant what crime he is accused of committing.

The law presumes that all defendants are innocent. This Defendant, like all defendants, starts trial with a clean slate, and without any evidence at all against him. It is not up to him to prove that he is innocent; it is up to the Government to present evidence that overcomes this presumption.

The United States has the burden of proving its case against the Defendant "beyond a reasonable doubt." A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence or from the lack of evidence. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, but doubts based purely on speculation are not reasonable. Proof beyond a reasonable doubt means proof that is so convincing you wouldn't hesitate to rely and act on it in making the most important decisions in your own lives.

For you to find the Defendant guilty, you must decide that the Government has proved each element of the crime beyond a reasonable doubt. If you are convinced of this, then return a guilty verdict. If you are not convinced the Government has proved each element of the crime beyond a reasonable doubt, then return a not guilty verdict.

### Objections

The lawyers for both sides may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have every right to object if they think that something is harmful and not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial. Please do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

### Decision Whether to Testify

A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations. Remember that it is up to the Government to prove the Defendant guilty beyond a reasonable doubt. It is not up to the Defendant to prove that he is innocent.

### Separate Charges

The Defendant has been charged with several crimes. The number of charges is not evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## II. RULES OF LAW

The Defendant is on trial only for the particular crimes charged in the indictment. Your job is limited to deciding whether the Government has proved the crimes charged beyond a reasonable doubt.

### Count 1
### 21 USC 846, 841(a)(1), and 841(b)(1)(B)
### Conspiracy to Possess with the Intent to Distribute a Controlled Substance

Count 1 of the indictment accuses the Defendant of a conspiracy to possess with the intent to distribute a controlled substance. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually

achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find the Defendant guilty of the conspiracy charge, the Government must prove each and every one of the following elements beyond a reasonable doubt:

1. First, that two or more persons conspired, or agreed, to possess with the intent to distribute a controlled substance.

2. Second, that the Defendant knowingly and voluntarily joined the conspiracy.

### A. Agreement

With regard to the first element—a criminal agreement—the Government must prove that two or more person conspired, or agreed, to cooperate with each other to possess with the intent to distribute a controlled substance.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the Government has proved an agreement. But without more they are not enough.

What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to possess with the intent to distribute a controlled substance. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

### B. Knowing and Voluntary

With regard to the second element, you must decide whether the Government has proved that the Defendant knowingly and voluntarily joined that agreement.

The Government must prove that the Defendant knew the conspiracy's main purpose and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that the Defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the Defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

Further, this does not require proof that the Defendant knew the drug involved was fentanyl or heroin. It is enough that the Defendant knew that it was some kind of controlled substance. Nor does this require proof that the Defendant knew how much fentanyl or heroin was involved. It is enough that the Defendant knew that some quantity was involved.

But proof that the Defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the Defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the Government has proved that the Defendant joined a conspiracy. But without more they are not enough.

The Defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

### C. Unindicted, Unnamed, or Separately Tried Co-Conspirators

Some people who may have been involved in these events are not on trial. This does not matter. Nothing requires that the Government charge and prosecute all members of a conspiracy, or that the Court try them together in one case.

Nor does anything require that the names of other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the Government can prove that the Defendant conspired with one or more of them. Whether they are named or not does not matter.

### D. Unanimity

If you find the Defendant guilty of Count 1, you will then be asked to determine the quantity of the controlled substance involved in the conspiracy that was attributable to him as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him.

If you find by unanimous agreement that the Government has proved beyond a reasonable doubt a quantity of at least 40 grams of a mixture or substance containing a detectable amount of fentanyl was attributable to the Defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate this finding by checking that line on the verdict form.

In determining the quantity of the controlled substance involved in the offense, you need not find that the Defendant knew the quantity involved in the offense.

## Count 2
## 21 USC 841(a)(1) and (b)(1)(C)
### Distribution of a Controlled Substance

The Defendant is charged in Count 2 with the crime of distributing a mixture or substance containing a detectable amount of fentanyl. This is a controlled substance. For you to find the Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

(A) The Defendant knowingly distributed a mixture or substance containing a detectable amount of fentanyl; and

(B) That the Defendant knew at the time of distribution that the substance was a controlled substance.

The term "distribute" means the Defendant delivered or transferred a controlled substance. The term distribute includes the actual or constructive transfer of a controlled substance.

To prove that the Defendant "knowingly" distributed a mixture or substance containing a detectable amount of fentanyl, the Defendant did not have to know that the substance was a mixture or substance containing a detectable amount of fentanyl. It is enough that the Defendant knew that it was some kind of controlled substance. Further, the Defendant did not have to know how much of the controlled substance he distributed. It is enough that the Defendant knew that he distributed some quantity of a controlled substance.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

**Aiding and Abetting**

For you to find the Defendant guilty of Count 2, it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find the Defendant guilty of Count 2 as an aider and abettor, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

1. First, that the crime of distribution of a controlled substance was committed.

2. Second, that the Defendant helped to commit the crime.

3. And third, that the Defendant intended to help commit the crime with the intent that the crime be committed.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the Defendant guilty, as an aider or abettor, of distribution of a controlled substance.

### Count 3
### 21 USC 841(a)(1) and (b)(1)(C)
### Possession of a Controlled Substance with Intent to Distribute

In Count 3, the Defendant is charged with the crime of possession of a mixture or substance containing a detectable amount of fentanyl with intent to distribute. This is a controlled substance. For you to find the Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, the Defendant knowingly possessed a mixture or substance containing a detectable amount of fentanyl.

(B) Second, the Defendant intended to distribute the mixture or substance.

The Government does not necessarily have to prove that the Defendant physically possessed the fentanyl for you to find him guilty of this crime. The law recognizes two kinds of possession—actual possession and constructive possession. Either one of these, if proved by the Government, is enough to convict.

To establish actual possession, the Government must prove that the Defendant had direct, physical control over the mixture or substance containing a detectable amount of fentanyl, and knew that he had control of it.

To establish constructive possession, the Government must prove that the Defendant had the right to exercise physical control over a mixture or substance containing a detectable amount of fentanyl and knew that he had this right, and that he intended to exercise physical control over a mixture or substance containing a detectable amount of fentanyl at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The Government must prove that the Defendant had actual or constructive possession of the mixture or substance, and knew that he did, for you to

find him guilty of this crime. This, of course, is all for you to decide.

To prove that the Defendant "knowingly" possessed a mixture or substance containing a detectable amount of fentanyl, the Defendant did not have to know that the substance was a mixture or substance containing a detectable amount of fentanyl. It is enough that the Defendant knew that it was some kind of controlled substance. Further, the Defendant did not have to know how much of a mixture or substance containing a detectable amount of fentanyl he possessed. It is enough that the Defendant knew that he possessed some quantity of a controlled substance.

The phrase "intended to distribute" means the Defendant intended to deliver or transfer a controlled substance sometime in the future. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. To distribute a controlled substance, there need not be an exchange of money.

In determining whether the Defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the Defendant's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

### A. Aiding and Abetting

For you to find the Defendant guilty of Count 3, it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find the Defendant guilty of Count 3 as an aider and abettor, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

1. First, that the crime of possession of a controlled substance with the intent to distribute was committed.

2. Second, that the Defendant helped to commit the crime.

3. And third, that the Defendant intended to help commit the crime with the intent that the crime be committed.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the Defendant guilty, as an aider or abettor, of possession of a controlled substance with the intent to distribute.

### B. Unanimity

If you find the Defendant guilty of Count 3, you will then be asked to determine the quantity of the controlled substance involved in the offense. You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the Government has proved beyond a reasonable doubt that the offense involved a quantity of at least 40 grams of a mixture or substance containing a detectable amount of fentanyl, then please indicate this finding by checking that line on the special verdict form.

In determining the quantity of the controlled substance involved in the offense, you need not find that the Defendant knew the quantity involved in the offense.

**Count 4**
**18 USC 924(c)(1)(A)**
**Possession of a Firearm in Furtherance of Drug Trafficking**

Count 4 charges the Defendant with possessing a firearm in furtherance of a drug-trafficking crime. For you to find the Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

That the Defendant

1. committed the crime charged in Counts 1, 2, or 3; and

2. knowingly possessed a firearm;

3. in furtherance of the crime charged in Counts 1, 2, or 3.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

The Government does not necessarily have to prove that the Defendant physically possessed the firearm for you to find him guilty of this crime. The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the Government, is enough to convict.

To establish actual possession, the Government must prove that the Defendant had direct, physical control over the firearm, and knew that he had control of it.

To establish constructive possession, the Government must prove that the Defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over the firearm at some time, either directly or through other persons.

The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged in Counts 1, 2, or 3. In deciding whether the firearm was possessed to advance or promote the crime charged, you may consider these factors: (1) whether the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4) whether possession of the firearm was legal; (5) the type of drug trafficking crime; and (6) the time and circumstances under which the firearm was found. This list is not exhaustive.

The Government need not prove that a particular firearm was possessed in furtherance of the drug-trafficking crime.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty of this charge.

**Aiding and Abetting**

For you to find the Defendant guilty of Count 4, it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find the Defendant guilty of Count 4 as an aider and abettor, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

1. First, that the crime of possessing a firearm in furtherance of drug trafficking was committed.

2. Second, that the Defendant helped to commit the crime.

3. And third, that the Defendant intended to help commit the crime with the intent that the crime be committed.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the Defendant guilty, as an aider and abettor, of possessing a firearm in furtherance of a drug-trafficking crime.

## Count 5
## 18 USC 922(g)(1) and 924(a)(2)
## Possession of a Firearm by a Prohibited Person

Count 5 of the indictment charges the Defendant with being a convicted felon in possession of a firearm. For you to find the Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

First: That the Defendant has been convicted of a crime punishable by imprisonment for more than one year. The Government and the Defendant have agreed that the Defendant has previously been convicted of a crime punishable by imprisonment for more than one year.

Second: That the Defendant, following his conviction, knowingly possessed a firearm specified in the indictment.

Third: That at the time the Defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year. The Government and the Defendant have agreed that the Defendant knew he was previously been convicted of a crime punishable by imprisonment for more than one year.

Fourth: That the specified firearm crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky. The Government and the Defendant have agreed that the firearms in question were manufactured outside the Commonwealth of Kentucky.

The Government does not necessarily have to prove that the Defendant physically possessed the firearm for you to find him guilty of this crime. The law recognizes two kinds of possession—actual possession and constructive possession. Either one of these, if proved by the Government, is enough to convict.

To establish actual possession, the Government must prove that the Defendant had direct, physical control over the firearm, and knew that he had control of it.

To establish constructive possession, the Government must prove that the Defendant had the right to exercise physical control over the firearm, and knew that

he had this right, and that he intended to exercise physical control over the firearm at some time, either directly or through other persons.

The Government and the Defendant have agreed that the guns in question are firearms within the meaning of this definition.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

### Count 6
### 18 USC 1114, 1113
### Assaulting, Resisting, or Impeding a Federal Officer

Count 6 charges the Defendant with forcibly assaulting, resisting, opposing, impeding , and interfering with a federal officer while the officer was engaged in the performance of official duties. In order for you to find the defendant guilty of this charge, the Government must prove the following elements beyond a reasonable doubt:

1. The Defendant forcibly assaulted; resisted; opposed; impeded; or interfered with Special Agent Berthay; and
2. The Defendant did so while Special Agent Berthay was engaged in his official duties; and
3. The Defendant inflicted bodily injury.

If you find from your consideration of all the evidence that the Government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the Defendant guilty of that charge. If, on the other hand, you find from your consideration of all the evidence that the Government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

### Aiding and Abetting

For you to find the Defendant guilty of Count 6, it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find the Defendant guilty of Count 6 as an aider and abettor, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

1. First, that the crime of assaulting, resisting, or impeding a federal officer was committed.

2. Second, that the Defendant helped to commit the crime.

3. And third, that the Defendant intended to help commit the crime with the intent that the crime be committed.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the Defendant guilty of assaulting, resisting, or impeding a federal officer as an aider and abettor.

## III. JURY DELIBERATIONS

When you go back to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will serve as your spokesperson here in courtroom.

Please take these instructions to the jury room. When you have reached a unanimous agreement, the foreperson should complete the attached verdict form in accordance with the jury's verdict, write the date, and sign the verdict form on behalf of the jury. You will then tell the officer and return with your verdict to the courtroom.

Some of you may have taken notes during the trial. Any juror may use notes to refresh his or her memory of evidence presented at trial, but you should not rely on the notes as definitive fact or as evidence. Juror notes do not necessarily carry any greater weight than memory. And a juror's memory unaided by notes is just as significant as a juror's memory that is not. Jurors should not be influenced by another juror's notes.

Once you start deliberating, talk about the case only with other members of the jury—not with the security officer, or me, or anyone else. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the security officer. He will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

It is your duty as jurors to consult with one another with a view to reaching an agreement if you possibly can at least do so without going against your individual judgment. You must each decide this case for yourself, but only after you impartially consider the evidence with your fellow jurors. During your deliberations, if you become convinced your own view is wrong, do not hesitate to reexamine your views and change your opinion. But do not surrender your honest conviction regarding the weight or effect of the evidence solely because of the opinion of your fellow jurors, or merely so the group can finish and return a verdict. All twelve of you must unanimously agree on the verdict.

If you decide that the Defendant is guilty, then it will be my job to decide what the appropriate punishment should be. You may not consider punishment in reaching your verdict—only whether the Government has met its burden of proof.