UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                      No. 3:21-cr-28-BJB

TERRELL TRAMMELL

\* \* \* \* \*

MEMORANDUM OPINION & ORDER

On November 5, 2020, federal agents surveilling Defendant Terrell Trammell for suspected drug-trafficking watched him exit an apartment with another individual and enter a Chrysler 300 sedan. Attempting to execute a warrant, FBI Special Agent Berthay activated his vehicle's lights and siren and pulled in front of the Chrysler so it couldn't leave. When Berthay stepped out of his car, however, the Chrysler started to drive forward. It crashed into Berthay's car and pinned the agent between the two vehicles. The Chrysler continued to press ahead even with the agent stuck between the vehicles. Berthay then fired several shots into the front of the Chrysler while other agents moved in. The officers found Trammell in the passenger seat and the other individual, 16-year-old Dyllon Spearman, in the backseat. One of Spearman's shoes, however, sat on the floorboard of the driver's seat next to a Glock.

A grand jury indicted Trammell on seven counts, including several gun and drug charges. The indictment also charged Trammell with a sixth count for attempted murder and a seventh for causing bodily injury while assaulting, resisting, or impeding a federal officer engaged in official duties. *See* 18 U.S.C. §§ 2, 111. The case went to trial and Trammell moved for a judgment of acquittal on six of the seven counts at the close of the Government's evidence. For the reasons stated in open court, the Court denied the motion on Counts 1–4, but granted it with respect to Count 6 after the Government conceded the evidence didn't support that charge. *See* DN 94. The Court reserved its judgment on the motion with respect to Count 7—the subject of this order. FED. R. CRIM. P. 29(b).

The jury proceed to convict Trammell on counts 1–5 and 7. The defense didn't submit a written motion in support of the argument for acquittal on Count 7. Because the Government presented sufficient evidence that Trammell aided and abetted the commission of this offense (the only theory of liability the parties discussed in closing), the Court denies the Defendant's motion to acquit on Count 7. *See United States v. VanderZwaag*, 467 F. App'x 402, 409 (6th Cir. 2012) ("the sufficiency of the evidence is considered to determine whether any rational trier of fact could find the elements of the crime proven beyond a reasonable doubt, under either theory"—that is, "as an aider

1

or abettor … [or] as a principal").

## Motion for Judgment of Acquittal

Trammell's burden on a Rule 29 sufficiency-of-the-evidence challenge is "very heavy." *United States v. Henley*, 360 F.3d 509, 513 (6th Cir. 2004). The Defendant must show that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" when "viewing the evidence in the light most favorable to the prosecution." *United States v. Ward*, 957 F.3d 691, 695 (6th Cir. 2020) (quoting *Jackson v. Virginia*, 443 U.S 307, 319 (1979)). A court may not "weigh the evidence, consider the credibility of witnesses, or substitute [its] judgment for that of the jury." *Id.* at 696 (quotation omitted). A court may only grant a motion of acquittal "where the prosecution's failure is clear." *United States v. Connery*, 867 F.2d 929, 930 (6th Cir. 1989) (quotations omitted).

### A. The Offense and Conviction

To convict a defendant under §§ 111(a)(1) and (b), the Government must show: (1) the defendant forcibly assaulted, resisted, opposed, impeded, or interfered with (2) a federal officer engaged in official duties (3) resulting in bodily injury to the officer. *See* Jury Instructions (DN 87); *United States v. Milliron*, 984 F.3d 1188, 1194 (6th Cir. 2021).

For good reason, Trammell doesn't argue that the Government lacks sufficient evidence that *someone* forcibly assaulted and physically injured Berthay. The Chrysler had backed into the parking spot, so its windshield and front fender pointed directly at Berthay. Surveillance footage and bodycam videos show the Chrysler pinning Berthay between the two cars. Berthay testified that "the pressure g[ot] worse and worse" as he "realized they're not stopping," but continued to press into him with the car in drive. The situation grew very dangerous as the car didn't relent, its passengers didn't immediately exit, and Berthay fired several shots through the windshield. Somehow, no one (besides Berthay) was hurt. Photos show cuts and bruises on his torso, leg, and shoulder caused by the crash. And Trammell concedes that Berthay was acting in his role as a federal law enforcement officer at the time.

Trammell instead contends that insufficient evidence supports the verdict that *he* committed the crime. The Government accepts that the sixteen-year-old, not Trammell, was driving the Chrysler when it crashed into Berthay. But Trammell can still be guilty if he aided and abetted Spearman's commission of the crime. *See United States v. McGee*, 529 F.3d 691, 695 (6th Cir. 2008) ("Aiding and abetting [is] a theory of liability … and not a distinct substantive crime."); *VanderZwaag*, 467 Fed. App'x at 407–08. So the jury could find Trammell guilty of this offense even if he wasn't the driver. The instructions asked whether "he intentionally helped someone else … commit the crime." DN 87 at 12; *accord VanderZwaag*, 467 Fed. App'x at 406–07. And the jury concluded beyond a reasonable doubt that Trammell was guilty. The Court must sustain that finding so long as the Government provided sufficient evidence

(viewed in its most favorable light) that Trammell aided and abetted the crime—that is, if a rational juror could find, beyond a reasonable doubt, "(1) an act by the defendant that contribute[d] to the commission of the crime, and (2) an intention to aid in the commission of the crime." *United States v. Graham*, 622 F.3d 445, 450 (6th Cir. 2010) (quotations omitted).

### B. Evidence of Aiding and Abetting

Evidence that Trammell's actions contributed to the crime is plainly sufficient: Trammell supplied the car, employed Spearman, entered the car to escape the oncoming police, and had a criminal record and unlawful occupation that gave him reason to flee. To "'aid and abet' comprehends all assistance rendered by words, acts, encouragement, support, or presence." *Reves v. Ernst & Young*, 507 U.S. 170, 178 (1993) (quoting Black's Law Dictionary 68 (6th ed. 1990)).

But did Trammell intend to aid the assault that injured Berthay? "[S]pecific criminal intent is an element of the offense of aiding and abetting." *United States v. Bryant*, 461 F.2d 912, 920 (6th Cir. 1972). This requires "evidence that the defendant shared in the criminal intent of the principal." *United States v. Brown*, 151 F.3d 476, 486 (6th Cir. 1998) (quotations omitted).* As the Supreme Court has recognized, "the intent must go to the specific and entire crime charged." *Rosemond v. United States*, 572 U.S. 65, 76–77 (2014). "So for purposes of aiding and abetting law, a person who actively participates in a criminal scheme knowing its extent and character intends that scheme's commission." *Id.* The Government may show Trammell's intent by proving he "associat[ed] himself with the venture, participat[ed] in it as something that he wished to bring about, and s[ought] by his actions to make it succeed." *United States v. Bronzino*, 598 F.3d 276, 281 (6th Cir. 2010).

Certainly Trammell's simple presence in the car is insufficient to convict. "[A] mere passenger in an automobile" is not, without more, guilty of "aiding and abetting

---

* The parties focused on Spearman's intent in the context of the attempted-murder charge (Count 6), agreeing that the Court should dismiss the charge based on the lack of evidence of Spearman's specific intent to murder Berthay. But they largely ignore the issue of Spearman's intent to forcibly assault, impede, or interfere with Berthay (a general-intent crime), even though the Count 7 analysis turns on whether Trammell aided and abetted by sharing in Spearman's intent. *See Brown*, 151 F.3d at 486; *United States v. Milliron*, 984 F.3d 1188, 1194–95 (6th Cir. 2021) (§§ 111(a)(1) and (b) are general intent crimes). "The specific intent requirement of the crime of aiding and abetting requires that the defendant consciously share the principal's knowledge of the underlying criminal act; '[a] general suspicion that an unlawful act may occur is not enough.'" *United States v. Loder*, 23 F.3d 586, 591 (1st Cir. 1994) (alteration in original) (quoting *United States v. Labat*, 905 F.2d 18, 23 (2d Cir. 1990)). In any event, evidence of Spearman's intent is plain enough, particularly when viewed in its most favorable light following the jury's verdict: Spearman entered the driver's side door while voices shouted "cops," the car started, the car drove into Berthay and his vehicle, and at some point Spearman moved to the backseat. And the evidence indicates Trammell must've been aware of all these facts and meaningfully participated in all Spearman's actions.

the delivery of cocaine," for example. *United States v. Pena*, 983 F.2d 71, 72–73 (6th Cir. 1993). And "mere presence at the scene of the crime," coupled with "knowledge of the crime," is not enough for "aiding and abetting" either. *United States v. Head*, 927 F.2d 1361, 1373 (6th Cir. 1991).

But Trammell did more than that. The evidence, viewed in the light most favorable to the Government, indicated that Trammell "associated" himself with Spearman through a pattern of illegal drug sales from the car that pinned Berthay. *See Bronzino*, 598 F.3d at 281. He "participated" in the assault on Berthay, *id.*, by racing into his own car, which he let an unlicensed minor drive, as nearby voices (perhaps Trammell's own) shouted "cops." He admitted that he saw the agents' flashing lights. He had motive to elude law enforcement: his brother had recently been apprehended on drug charges, Trammell had previous felony convictions, and Trammell had multiple guns in his Chrysler. He acted in accordance with that motive by fleeing. And after he and Spearman were arrested, video captured Trammell instructing the minor on how to deal with the agents (don't speak to them) and the expected prosecution (call his mother). Under the Rule 29 standard, this suffices to support a finding that Trammell "s[ought] by his actions to make [Spearman's assault] succeed." *Id.* at 281.

Perhaps any of these facts alone would be too speculative to prove Trammell's guilt on Count 7. But the Court must construe *all* the evidence together in the Government's favor and ask whether a rational jury could conclude beyond a reasonable doubt that Trammell contributed to and intended to aid the commission of this crime. *See Ward*, 957 F.3d at 696 (court must "vie[w] the record as a whole" on a sufficiency-of-the-evidence challenge) (quoting *United States v. Blakeney*, 942 F.2d 1001, 1010 (6th Cir. 1991)). Even assuming the defense is right that the Government presented no *direct* evidence that Trammell directed Spearman to run the Chrysler into a federal officer, that's not the end of the analysis. A jury may convict (and a judge must sustain that verdict) based on circumstantial evidence alone. *United States v. Jenkins*, 593 F.3d 480, 483 (6th Cir. 2010). This reflects the reality that "[i]ntent, like willfulness or premeditation, is a subjective element the existence of which usually must be inferred from evidence of overt acts…." *Bryant*, 461 F.2d at 921. The question is whether the evidence suffices under Rule 29—not whether it's direct, circumstantial, or some combination thereof.

A rational jury viewing the evidence as a whole could infer from Trammell's acts that he intended to aid the assault against Berthay as he and the unlicensed minor drove into Berthay while using Trammell's car to evade police. The jury saw sufficient evidence that Trammell was no "mere passenger." *Cf. Pena*, 983 F.2d at 72–73. That evidence suggests Trammell knew the police were after him and knew his car contained guns he wasn't allowed to have. His "stake or interest in the outcome of the" crime is certainly a "factor to be considered in an aiding and abetting prosecution." *United States v. Winston*, 687 F.2d 832, 835 (6th Cir. 1982). So too are his control over

Spearman, their drug-dealing business, the car, and the guns.  These all support the jury's determination that he aided and abetted the assault against Berthay.  *See Bryant*, 461 F.2d at 920.  Because a "rational trier of fact could have found the essential elements" of Count 7 beyond a reasonable doubt, the Court must sustain the guilty verdict.  *Ward*, 957 F.3d at 695 (quotations omitted).

## **ORDER**

The Court denies Trammell's motion for a judgment of acquittal.

Benjamin Beaton, District Judge

United States District Court

February 2, 2023